**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Theresita Dietrich, Appellant                           Case No. 11-14315

v.                                                                              HONORABLE ARTHUR J. TARNOW
                                                                                SENIOR UNITED STATES DISTRICT
Peter K. Tiernan, Appellee                              JUDGE

_____/

**ORDER AFFIRMING SANCTIONS ORDER**

Now before the Court is an appeal of Bankruptcy Judge Steven Rhodes' Order Granting Motion for Sanctions for Violation of 11 U.S.C. § 362. That order was entered in Adversary Proceeding No. 08-68294.

Appellant filed a Notice of Appeal [1] on September 30, 2011 and Brief [4] on October 13, 2011. Appellee filed a Response [7] on October 31, 2011. Appellant filed a Reply [8] on November 14, 2011. Appellant argues that the Bankruptcy Judge's Order should be reversed for four reasons, all of which are without merit.

"The bankruptcy court's findings of fact are reviewed for clear error, and questions of law are reviewed de novo." *In re 5900 Assocs, Inc.*, 468 F.3d 326, 329 (6th Cir. 2006).

First, Dietrich argues that the Bankruptcy Judge's sanctions order should be reversed because Tiernan lacked standing to assert a violation of the automatic stay under 11 U.S.C. § 362. The Court disagrees.

Title 11 U.S.C. § 362(k)(1) states that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

In accordance with the Bankruptcy Judge's Order, the Court is unwilling to ignore the plain

1

language of the statute. Here, all parties involved in the case were subject to the automatic stay. A party injured by a willful violation of the stay is permitted to recover damages. Tiernan was injured by Dietrich's willful violation of the stay. Tiernan had standing. The Bankruptcy Judge's decision as to standing is, therefore, affirmed for the reasons stated in the sanctions order.

Second, Dietrich argues that the Bankruptcy Court lacked jurisdiction to set aside the amendments to the state court judgment of divorce. The Court disagrees.

Dietrich would like the Court to consider a substantive change to her divorce as a clerical amendment. There is simply no authority to support such a finding. It is clear from the record and the Bankruptcy Judge's findings that Dietrich attempted to change the divorce judgment as a way to exercise control over and obtain possession of the Canadian property that was part of the bankruptcy estate.

Dietrich's argument that the Bankruptcy Court's actions are barred by the *Rooker-Feldman* doctrine are equally without merit. Dietrich fails to meet the basic requirements for asserting the *Rooker-Feldman* doctrine. *See* Sanctions Order [7], Ex. 2, at 9-10.

Third, Dietrich argues that the Bankruptcy Judge had no authority to impose sanctions because the violation of the stay was related to a property that is located in Ontario, Canada. Appellant's Br. [4], at 15. This argument is without merit.

As the Bankruptcy Judge noted, section 362(a)(3) bars "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The property in question, in Ontario, has been deemed part of the bankruptcy estate. Proper jurisdiction was exercised over the parties and the bankruptcy proceeding. The Bankruptcy Judge was well within his authority under the statute to impose sanctions for Dietrich's actions that were in violation of the stay, no matter where the violation occurred.

Fourth, Dietrich argues that her actions do not constitute a willful violation to warrant

3

sanctions. Appellant's Br. [4], at 17. The Court disagrees and affirms the Bankruptcy Court's Order for the reasons stated by the Bankruptcy Judge.

Dietrich offers no grounds in her appeal warranting reversal of the sanctions order of the Bankruptcy Court. The sanctions order, therefore, is **AFFIRMED**.

**SO ORDERED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: May 21, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 21, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant